**July 13, 2016**

In re Sheri Speer, No. 3:16-cv-522 (RNC)

**ORDER**

     Bankruptcy debtor Sheri Speer, proceeding pro se, seeks review of a bankruptcy court order denying her motion to quash a subpoena issued by Seaport Capital Partners, LLC, the plaintiff in an adversary proceeding against Ms. Speer, to People's United Bank, N.A.  The subpoena called on the bank to produce at a deposition in the adversary proceeding documents related to bank accounts held by Ms. Speer and non-debtor limited liability companies in which she might have an interest.  The issue is whether the bankruptcy court's refusal to quash the subpoena was an abuse of discretion.  In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 68 (2d Cir. 2003) (denial of motion to quash subpoena reviewed for abuse of discretion).

     Ms. Speer has standing to object to the production of her own bank records.  Solow v. Conseco, Inc., No. 06 CIV. 5988 BSJTHK, 2008 WL 190340, at *3 (S.D.N.Y. Jan. 18, 2008) ("[C]ourts have recognized that parties with a privacy interest in subpoenaed documents have standing to oppose the subpoena.").  However, she does not have standing to challenge the production of documents related to the non-debtor LLCs.  See Falato v. Fotografixusa, L.L.C., No. CIV.A. 09-5232 MAS, 2013 WL 1846807, at *4 (D.N.J. Apr. 30, 2013).

     Ms. Speer contends that the subpoena should have been quashed because she did not receive notice before the subpoena was served, although prior notice was required under Federal Rule of Civil Procedure 45.  Even assuming arguendo that prior notice was required, Ms. Speer has failed to show that she was prejudiced by the lack of prior notice.  See Zinter Handling, Inc. v. Gen. Elec. Co., No. 04CV500(GLS/DRH), 2006 WL 3359317, at *2 (N.D.N.Y. Nov. 16, 2006)  ("[U]ntimely notice . . . does not automatically trigger quashing a subpoena without a consideration of prejudice to the aggrieved party.").  Ms. Speer's filing of the motion to quash in advance of the deposition avoided any prejudice.  Malinowski v. Wall St. Source, Inc., No. 09 CIV 9592 JGK JLC, 2010 WL 4967474, at *2 (S.D.N.Y. Nov. 23, 2010) ("[T]he intent of the prior notice requirement has been effectuated because Plaintiff has filed his motion to quash."); Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP, No. 03 CIV. 5560(RMB)HBP, 2008 WL 4452134, at *3 (S.D.N.Y. Oct. 2, 2008) (no prejudice when litigant objected to subpoena and filed motion to quash); Zinter, 2006 WL 3359317, at *2 (no prejudice when "[n]otice of the subpoenas was given within one day after their service, affording . . . adequate time to state . . . objections

and move to quash.").

    Ms. Speer also argues that the subpoena should have been quashed because it is overly broad. The bankruptcy court did not err in deciding that the documents sought are within the scope of discovery permitted by Federal Rule of Civil Procedure 26.

    Accordingly, the bankruptcy court's order is hereby affirmed. The Clerk may close the case.

    So ordered.

                                        /s/ RNC
                                Robert N. Chatigny
                          United States District Judge